**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYSEN GLUNZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 CV 1693 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| ADM ARTCO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, AMERICAN RIVER TRANSPORTATION CO. ("ARTCO"), incorrectly sued as ADM ARTCO, by its attorneys, BELGRADE AND O'DONNELL, P.C., and, for its Answer and Affirmative Defenses to the Complaint of Plaintiff, TYSEN GLUNZ, states as follows:

1. Jurisdiction and venue lie in this action, Defendant conducting business within this forum's boundaries.

**ANSWER:** Paragraph 1, which states conclusions of law, requires no answer. Answering in the alternative, ARTCO admits only that it conducts certain business within this forum's boundaries and, therefore, jurisdiction and venue are proper regarding this matter. ARTCO, therefore, does not contest jurisdiction or venue in this matter.

2. Jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence, and under the General Admiralty and Maritime Law for unseaworthiness, maintenance, cure, and wages.

**ANSWER:** ARTCO admits only that jurisdiction in this Court is proper under the Jones Act, 46 U.S.C. 688 et seq., and under the General Admiralty and Maritime Law.  Answering further, ARTCO denies that it was negligent, that its vessel was unseaworthy, or that Plaintiff is entitled to recover for maintenance, cure, wages or any other damages, and otherwise denies the rest and remaining allegations contained in Paragraph 2 to the extent not admitted.

    3.    At all times material to issues herein Plaintiff served as an employee of Defendant serving as a crew member aboard its vessels, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of his ship.

**ANSWER:** ARTCO admits only that Plaintiff was an employee of ARTCO and at certain times worked aboard its vessel. Answering further, ARTCO has insufficient knowledge with respect to what "acts and/or omissions giving rise to this action" Plaintiff is referring to and, therefore can neither admit nor deny said allegations and demands strict proof thereof. In the alternative, ARTCO denies the rest and remaining allegations contained in Paragraph 3 to the extent not admitted.

    4.    On or about September 22, 2007, Plaintiff was in the course of employment in proximity to an unsecured manhole cover when as a result thereof he fell there through resulting in injury because of said failure to provide a safe place to work and seaworthy vessel.

**ANSWER:** Paragraph 4, which states conclusions of law, requires no answer. Answering in the alternative, ARTCO denies the allegations contained in Paragraph 4.

    5.    Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, **inter alia**, as follows:

        a.    Pain and suffering, past, present and future;

        b.    Mortification, humiliation, fright, shock and embarrassment;

        c.    Loss of earnings and earning capacity;

        d.    Hospital, pharmaceutical, and other cure expenses;

        e.    Aggravation of prior condition, if any there be;

        f.    Inability to engage in social, recreational, and other pursuits previously enjoyed;

        g.    Mental anguish;

        h.    Found;

        i.    Maintenance, cure, wages, and/or attorney fees.

**ANSWER:** ARTCO denies the allegations contained in Paragraph 5, including, but not limited to, subparagraphs (a) through (i), inclusive.

    WHEREFORE, Defendant, AMERICAN RIVER TRANSPORTATION CO., denies that Plaintiff, TYSEN GLUNZ, is entitled to a judgment against it in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint with prejudice and award

Defendant, AMERICAN RIVER TRANSPORTATION CO., its costs and all other relief as deemed just and equitable.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials and any and all other statements made in this Answer, Defendant, AMERICAN RIVER TRANSPORTATION CO., states as its Affirmative Defenses to Plaintiff's Complaint the following:

## FIRST AFFIRMATIVE DEFENSE

1. It was the duty of the Plaintiff, TYSEN GLUNZ, before, and at the time of, the occurrence alleged in Plaintiff's Complaint to exercise due care and to take all the necessary precautions to prevent his own injuries.

2. Notwithstanding said duty, and in breach thereof, Plaintiff, TYSEN GLUNZ, was guilty of one or more of the following acts or omissions of negligence, misconduct or fault:

   a. Failed to properly keep attentive and/or keep a proper lookout with respect to what he was doing;

   b. Failed to observe what was otherwise an open and obvious danger;

   c. Failed to otherwise use due care for his own safety;

   d. Failed to mitigate his damages; and

   e. Was otherwise careless and negligent in causing his own injury.

3.  The aforementioned negligence, misconduct or fault of Plaintiff, TYSEN GLUNZ, contributed in whole or in part to proximately cause the alleged injuries and damages for which Plaintiff seeks recovery.

4.  As a result of the negligence, misconduct, omissions or fault of Plaintiff, TYSEN GLUNZ, he is precluded from any recovery from Defendant, AMERICAN RIVER TRANSPORTATION CO., or in the alternative, any damages awarded to Plaintiff, TYSEN GLUNZ, shall be diminished in proportion to the amount of negligence, misconduct, and/or fault attributed to him, as required by law.

WHEREFORE, Defendant, AMERICAN RIVER TRANSPORTATION CO., denies that Plaintiff, TYSEN GLUNZ, is entitled to a judgment against it in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint with prejudice and award Defendant, AMERICAN RIVER TRANSPORTATION CO., its costs and all other relief as deemed just and equitable.

## SECOND AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are insufficient in fact, insufficient in law, do not support a valid claim under the Jones Act or general maritime law, and otherwise fail to state a claim upon which relief can be granted and thereby, this action should be dismissed with prejudice.

WHEREFORE, Defendant, AMERICAN RIVER TRANSPORTATION CO., denies that Plaintiff, TYSEN GLUNZ, is entitled to a judgment against it in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint with prejudice and award Defendant, AMERICAN RIVER TRANSPORTATION CO., its costs and all other relief as deemed just and equitable.

**DEFENDANT DEMANDS TRIAL BY JURY**

             **AMERICAN RIVER TRANSPORTATION CO.**

            By: /s/:Patrick J. Cullinan_
              One of Its Attorneys

Steven B. Belgrade
John A. O'Donnell
Patrick J. Cullinan
**BELGRADE AND O'DONNELL, P.C.**
20 N. Wacker Drive, Suite 1900
Chicago, Illinois 60606
(312) 422-1700

**CERTIFICATE OF SERVICE**

 Patrick J. Cullinan, one of the attorneys for Defendant, AMERICAN RIVER TRANSPORTATION CO., certifies that the within ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT were filed and served upon counsel of record via electronic filing this 15th day of May, 2008.

               /s/:Patrick J. Cullinan_